```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT
```

                                      :
WENDY WYLER

V.                                    :       Case No.  3:12cv97(RNC)

CONNECTICUT STATE UNIVERSITY          :
SYSTEM, ET AL.,                       :

## RULING AND ORDER

This case is before the Court on plaintiff's application for a temporary restraining order ("TRO")(doc. 2).  For the reasons that follow, the application is denied.

Plaintiff, a student at Southern Connecticut State University, alleges that between January and May 2011, she was sexually harassed by a member of the faculty, David Chevan.  She brings this action against the University, Chevan and others claiming, among other things, that the University has violated Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. ("Title IX"), by failing to discipline Chevan.  She submits a report of the University's Office of Diversity and Equity Programs regarding its investigation of her complaint against him.  The report, dated April 25, 2011, concludes that in March 2011, he engaged in conduct toward her constituting sexual harassment.  Plaintiff seeks a temporary restraining order requiring the University to suspend Chevan from his position and barring him from being on campus while she is there.

A TRO may not be granted unless it is necessary to prevent irreparable harm.  Citigroup Global Mkts., Inc. v. VCG Special

Opportunities Master Fund Ltd., 598 F.3d 30, 35 (2d Cir. 2010). Irreparable harm is "injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages." Rodriguez v. DeBuono, 162 F.3d 56, 61 (2d Cir. 1998)(internal quotation marks omitted). In addition, the applicant usually must show "either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the . . . relief." Citigroup Global Mkts., Inc., 598 F.3d at 35. "While Rule 65 permits the grant of a temporary restraining order without notice, such an order, as is indicated by the very word 'restraining,' should issue only for the purpose of preserving the status quo and preventing irreparable harm and for just so long as is necessary to hold a hearing." Warner Bros. Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1124 (2d Cir. 1989).

    The TRO requested in this case would dramatically alter the status quo.  If the order were granted, Chevan would be suspended from his position and barred from the campus.  Because the TRO would alter the status quo in these significant respects, it cannot be issued unless the prerequisites to temporary injunctive relief are clearly satisfied.  They are not.  Plaintiff argues that violation of her right to an educational environment free of harassment constitutes irreparable harm.  But she has not shown

that harassment is ongoing and thus has failed to demonstrate that the requested TRO is necessary to prevent irreparable harm. In addition, plaintiff has not demonstrated that the TRO is necessary to bring the University into compliance with Title IX. Title IX imposes liability on a university for failing to adequately respond to sexual harassment of a student by a professor if the university's response is clearly unreasonable in light of known circumstances.  Papelino v. Albany Coll. of Pharmacy of Union Univ., 633 F.3d 81, 89 (2d Cir. 2011). Plaintiff cites no authority indicating that in the circumstances alleged here a university violates Title IX unless it suspends the professor and bars him from campus.  Finally, assuming for present purposes that plaintiff's Title IX claim raises a fair ground for litigation, she has not demonstrated that the balance of hardships tips decidedly in her favor.  She states, "If Defendant Chevan is permitted to remain on campus, I will continue to suffer academically, and I will bear the fear of encountering him while on the property."  Plaintiff's statement reflects legitimate concerns but is insufficient to sustain her burden of justifying the extraordinary TRO she has requested.

Accordingly, the application for a TRO is hereby denied.

So ordered this 23rd day of January 2012.

_____/s/ RNC_____
Robert N. Chatigny
United States District Judge